## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

AURELIO SANCHEZ,
DOMINGO SANCHEZ,
DANIEL HERNANDEZ,
MIGUEL ANGEL GODOY,
JOSE LUIS ARREOLA,
BENITA ARREOLA, and
CLARA ARREOLA,
on their own behalf and on behalf of
all others similarly situated,

      Plaintiffs,

v.

SIMPLY RIGHT, INC.,
CINEMARK USA, INC.,
DANIEL KILGORE, and
BEATRICE PERMAN,

      Defendants.
_____

### COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiffs, by and through undersigned counsel, file this Collective Action Complaint for Unpaid Wages, on their own behalf and on behalf of all others similarly situated, against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendants misclassify all their low-wage janitorial employees as independent contractors in order to avoid paying them minimum and overtime wages.

2. Defendants thus violate the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*

3. Plaintiffs seek compensation for Defendants' violations of the FLSA on their own behalf and on behalf of all other similarly-situated employees of Defendants.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Aurelio Sanchez was employed by Defendants from approximately December, 2008 through approximately January 24, 2015. Plaintiff A. Sanchez's signed FLSA Consent to Sue Form is attached to this Complaint as part of Plaintiffs' Exhibit 1.

5. Plaintiff Domingo Sanchez was employed by Defendants from approximately July, 2011 through approximately January 15, 2015. Plaintiff D. Sanchez's signed FLSA Consent to Sue Form is attached to this Complaint as part of Plaintiffs' Exhibit 1.

6. Plaintiff Daniel Hernandez has been employed by Defendants since approximately July 5, 2012 through the present. Plaintiff D. Hernandez's signed FLSA Consent to Sue Form is attached to this Complaint as part of Plaintiffs' Exhibit 1.

7. Plaintiff Miguel Angel Godoy was employed by Defendants during the 2013-2014 time period. Plaintiff Godoy's signed FLSA Consent to Sue Form is attached to this Complaint as part of Plaintiffs' Exhibit 1.

8. Plaintiff Jose Luis Arreola has been employed by Defendants from approximately May, 2012 through the present. Plaintiff J.L. Arreola's signed FLSA Consent to Sue Form is attached to this Complaint as part of Plaintiffs' Exhibit 1.

9. Plaintiff Benita Arreola has been employed by Defendants from approximately July 5, 2012 through the present. Plaintiff B. Arreola signed FLSA Consent to Sue Form is attached to this Complaint as part of Plaintiffs' Exhibit 1.

10. Plaintiff Clara Arreola has been employed by Defendants from approximately May, 2012 through the present. Plaintiff C. Arreola's signed FLSA Consent to Sue Form

is attached to this Complaint as part of Plaintiffs' Exhibit 1.

11.     Defendant Simply Right, Inc., is a registered foreign corporation with a principal street address of 1309 16th St., Ogden, Utah 84404.

12.     Defendant Cinemark, USA, Inc. is a registered foreign corporation with a principal street address of 3900 Dallas Pkwy., Suite 500, Plano, Texas 75093.

13.     Defendant Daniel Kilgore is an owner and manager of Simply Right, Inc.

14.     Defendant Beatrice Perman is a manager of Simply Right, Inc.

15.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

17.     Defendant Simply Right, Inc. is a national janitorial company operating in 30 states.

18.     Defendant Cinemark USA, Inc. is the third largest movie theater company in the United States, operating 335 theaters in 41 states.

19.     Plaintiffs and those similarly situated are employed by Defendants to clean movie theaters.

20.     Defendants' employees spend long hours each night stooping over to pick up garbage left by movie theater patrons and stooping to wipe down theater seats, scrape gum from theater seats, sweep out theater rows, vacuum each row and under each seat, spray and wipe theater seats, vacuum theater hallways and stairs, mop rows, and

wipe down banisters and rails. Defendants' employees also clean theater bathrooms, including scrubbing toilets, urinals and sinks, picking up trash and toilet paper, scrubbing bathroom walls and stalls, dusting ceilings, light fixtures and stalls, removing trash and replacing soap, toilet paper and paper towels. These employees also clean theater lobbies, removing trash, scrubbing trash cans, sweeping floors, mopping floors, wiping down concessions areas, cleaning popcorn machines, cleaning windows and doors, and cleaning and mopping video arcade areas. This work is often done with skin and respiratory system-irritating chemicals.

21. Defendants pay their employees across the nation far below the minimum wage for this back-breaking work. For example, Defendants paid the named Plaintiffs between $3.57 and $5.55 per hour, and no overtime, for their work.

22. By way of example, Plaintiffs Lazario and Maribel Arreola clean theaters for Defendants. Each averages 21 hours of work each week. Defendants pay Plaintiffs Lazario and Maribel Arreola a total of $300 (together, not each) every two weeks. Defendants thus pay these Plaintiffs $3.57 per hour for their work.

23. Similarly, Plaintiffs Aurelio and Domingo Sanchez and Miguel Angel Godoy worked together and averaged 138.75 total hours of work each week cleaning theaters for Defendants. Defendants paid these Plaintiffs $1,541 every two weeks with no overtime premiums. Defendants thus paid these employees $5.55 per hour and failed to pay them overtime wages.

24. Defendants subject all their employees across the nation to this policy of refusing to pay minimum and overtime wages.

25. Plaintiffs and other employees handle cleaning materials such as soap,

4

brooms, vacuums, mops and other materials which moved in interstate commerce each year relevant to this action.

26. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

27. Defendant Daniel Kilgore, at all material times, exercised operational and financial control over the Simply Right, Inc. enterprise and exercised control over the terms and conditions of his employees' employment. For example, Defendant Kilgore made the decision to pay his employees less than the minimum wage and no overtime wages, signed his employees' paychecks, visits worksites to supervise his employees, and makes all substantial financial decisions relating to the Simply Right enterprise.

28. Defendant Beatrice Perman, at all material times, exercised operational and financial control over the Simply Right, Inc. enterprise and exercised control over the terms and conditions of employment of her employees. For example, Defendant Perman participated in the decision to pay her employees less than the minimum wage and no overtime wages, visits worksites to supervise her employees, works closely with area supervisors in the recruitment hiring, firing, and payment of her employees, decides how much employees are to be paid, and exercises operational control over the Simply Right enterprise.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring their claims under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this Class as follows:

>All employees who worked on or after May 8, 2012.

30. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations of the FLSA. 29 U.S.C. § 255(a).

31. All potential 216(b) Class Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of refusing to pay minimum and overtime wages.

### FIRST CLAIM – Failure to Pay Minimum Wages
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

32. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

33. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

34. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

35. Defendants "employed" Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

36. Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

37. Defendants violated the FLSA when they refused to pay Plaintiffs and others minimum hourly wages. 29 U.S.C. § 206.

38. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

39. Plaintiffs and others have suffered lost wages and lost use of those wages in

an amount to be determined at trial.

40. Plaintiffs and others are entitled to recover unpaid minimum wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime Wages
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

41. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

42. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

43. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

44. Defendants "employed" Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

45. Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

46. Defendants violated the FLSA when they refused to pay Plaintiffs and others overtime wages. 29 U.S.C. § 207.

47. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

48. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

49. Plaintiffs and others are entitled to recover unpaid overtime wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs pray that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. Plaintiffs and the Class be awarded unpaid minimum wages;

c. Plaintiffs and the Class be awarded unpaid overtime premiums;

d. Plaintiffs and the Class be awarded liquidated damages as required by law;

e. Plaintiffs and the Class be awarded pre-judgment and post-judgment interest as permitted by law;

f. Plaintiffs and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

g. Plaintiffs and the Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*S/ Brandt Milstein*
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiffs*