IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cv-00974-RM-MEH

AURELIO SANCHEZ, *et al.*

    Plaintiffs,

v.

SIMPLY RIGHT, INC., *et al.*

    Defendants.

---

**PLAINTIFFS' MOTION TO ENFORCE THE COURT'S MARCH 1, 2016 DISCOVERY ORDER, FOR ATTORNEY FEES AND COSTS, AND FOR A STATUS CONFERENCE[1]**

---

COME NOW the Plaintiffs, pursuant to Fed. R. Civ. P. 37(b)(2)(A), and move the Court for an Order requiring Defendants to obey the Court's Order of March 1, 2016. Plaintiffs further move for an order directing Defendants to pay Plaintiffs' travel costs and lost wages incurred in relation to the June 14, 2016 settlement conference. Plaintiffs also seek an Order requiring Defendants to pay Plaintiffs' attorney fees and costs incurred in the preparation of this motion and in relation to the June 14, 2016 settlement conference. Finally, Plaintiffs request that the Court schedule a status conference wherein the Court may enter any necessary orders to prevent further prejudicial delay in this matter. In support, Plaintiffs state as follows:

---

[1] Plaintiffs attempted to confer with counsel for Defendants pursuant to Local Rule 7.1 prior to filing this Motion. Defendants have not responded at the time of filing.

1. Plaintiffs filed this action on their own behalf and on behalf of a class of similarly-situated janitors on May 7, 2015.

2. On September 25, 2015, Plaintiffs served their pre-certification discovery requests wherein Plaintiffs sought information and documents relevant to conditional certification of the Fair Labor Standards Act ("FLSA") class.

3. Defendants responded to Plaintiffs' pre-certification discovery requests on November 16, 2015 and supplemented their responses to those requests on December 7, 2015. In both sets of responses, Defendants objected to a number of Plaintiffs' pre-certification discovery requests.

4. On February 8, 2016, Plaintiffs filed a Motion to Compel Responses to Plaintiffs' pre-certification discovery requests. ECF No. 64.

5. On March 1, 2016, the Court held a hearing on Plaintiffs' Motion to Compel and ordered Defendants to:

    a. Produce names and contact information for current and former janitors and former Simply Right, Inc. supervisors from a sample set of theaters around the country. Pl. Ex. 1, March 1, 2016 Hearing Transcript at 52:24-53:3;

    b. Identify all current supervisors from the class sample theaters. *Id.* at 47:11-16; and

    c. Produce communications relating to the class sample theaters. *Id.* at 46:23-47:5.

6. At the March 1, 2016 hearing, the Court ordered Defendants to make a good faith effort to produce contact information and to identify current supervisors by

March 15, 2016. *Id.* at 50:5-7. The Court also ordered Defendants to make a good faith effort to produce communications by May 2, 2016. *Id.*

7. Before producing the documents and information as ordered, Defendants requested that the parties engage in a settlement conference before this Court. Plaintiffs agreed to do so and to delay in the ordered production.

8. After settlement negotiations failed on June 14, 2016, Plaintiffs requested, on June 22, 2016, that Defendants comply with the Court's Order on the Motion to Compel. Pl. Ex. 2, Email Correspondence dated June 22, 2016.

9. Defendants have indicated that they will not comply with the Order and have informed counsel for Plaintiffs that they intend to move to stay the order.

10. Federal Rule of Civil Procedure 37(b)(2)(A) holds that: "If a party… fails to obey an order to provide or permit discovery… the court where the action is pending may issue further just orders."

11. Federal Rule of Civil Procedure 37(b)(2)(C) holds that: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

12. Here, there is no basis for Defendants to ignore the Court's March 1, 2016 Order.

13. Defendants delayed their compliance with the Court's March 1, 2016 Order by requesting a settlement conference that had no chance of success.

14. Defendants proceeded with the conference despite Plaintiffs' warning that both Defendants Simply Right, Inc. and Cinemark USA, Inc. would need to come to the conference with sufficient settlement authority to make the negotiations fruitful and to justify the delays and costs related to the negotiations that Plaintiffs would be subject to. Nonetheless, Defendant Cinemark USA, Inc. came to the negotiations with no settlement authority.

15. After the settlement conference failed, and any pretense of a justification for delay has vanished, Defendants continue to refuse to comply with the Court's March 1, 2016 Order.

16. Defendants are benefitting from the delay in Plaintiffs' ability to move for conditional certification of the Class because the FLSA includes a three-year "rolling" statute of limitations, under which each day that passes diminishes the amount of wages class members will be entitled to recover and, concomitantly, diminishes the scope of Defendants' liability. *See,* 29 U.S.C. § 255, 29 U.S.C. § 216(b).

17. The class members are prejudiced by Defendants' delay tactics.

18. Plaintiffs, who are very low-wage workers, incurred significant costs in attending the unwarranted settlement conference, including lost wages and significant travel expenses.[2]

---

[2] For example, Plaintiffs Jose Luis Arreola and Clara Arreola traveled from Topeka, Kansas to attend the settlement conference.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order:

a. Requiring Defendants to comply immediately with the Court's March 1, 2016 Order;

b. Requiring Defendants to pay Plaintiffs' costs incurred and wages lost in relation to the June 14, 2016 settlement conference;[3]

c. Requiring Defendants to pay Plaintiffs' costs and attorney fees incurred in preparing this Motion and in preparing for and attending the June 14, 2016 settlement conference;[4]

d. Setting a status conference at the Court's earliest convenience.

Respectfully submitted,

/S/ *Brandt Milstein*
595 Canyon Blvd.
Boulder, CO 80302
(303) 440-8780
Fax: (303) 957-5754
brandt@milsteinlawoffice.com

*Attorney for Plaintiffs*

---

[3] Plaintiffs will provide detailed lost wages and travel expense information should the Court grant the instant Motion.

[4] Plaintiffs' counsel will provide detailed costs and fees documentation should the Court grant the instant Motion.

5

6

## CERTIFICATE OF SERVICE

I filed this *Motion* electronically through the CM/ECF system, which caused the all parties entitled to service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/S/ *Brandt Milstein*