IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Case No. 15-cv-00974-RM-MEH

AURELIO SANCHEZ, *et al.*,

    Plaintiffs,

v.

SIMPLY RIGHT, INC., *et al.*,

    Defendants.

___

**OPINION AND ORDER**
___

Pending before the Court is the April 13, 2017 Report and Recommendation ("R&R") of U.S. Magistrate Judge Michael E. Hegarty (ECF No. 174), recommending granting in part and denying in part plaintiffs'[1] motion for conditional collective action certification ("the motion for conditional certification") (ECF No. 121), and denying defendants' Simply Right, Inc. ("Simply Right"), Beatrice Permann, Daniel Kilgore, and Cinemark USA, Inc.'s ("Cinemark," and collectively, "defendants") motion to strike (ECF No. 149). Also pending before the Court is plaintiffs' motion for status conference (ECF No. 177).[2]

---

[1] The named plaintiffs in this action are: Aurelio Sanchez ("Aurelio"); Domingo Sanchez ("Domingo"); Daniel Hernandez ("Hernandez"); Miguel Angel Godoy ("Godoy"); Benita Arreola ("Benita"); Jose Luis Arreola ("Jose Luis")' and Clara Arreola ("Clara"). Three further individuals have opted to join this lawsuit: Maribel Arreola ("Maribel"); Nazario Arreola ("Nazario"); and Armida Raya ("Raya").

[2] A motion to toll the statute of limitations (ECF No. 178) has also been filed, but briefing is not yet complete on that motion, and the Court makes no ruling with respect thereto herein.

The Magistrate Judge recommended granting plaintiffs' motion for conditional certification in part because plaintiffs had made substantial allegations that the putative collective action members were similarly situated as to plaintiffs' minimum-wage and overtime claims under the Fair Labor Standards Act ("FLSA"). (ECF No. 174 at 11-16.) As a result, the Magistrate Judge recommended certifying a collective action defined as: "All Simply Right employees who cleaned Cinemark theaters on or after May 7, 2012 who brought non-employees to help them clean and/or who worked more than forty hours per week without payment of one-and-one-half times their regular rate for those hours worked over forty." (*Id*. at 17.) The Magistrate Judge recommended, though, denying plaintiffs' motion for conditional certification as to the proposed notice to be sent to putative members because, in various respects, the notice was deficient. (*Id*. at 18-19.) The Magistrate Judge recommended that the parties confer as to a mutually agreeable notice and consent to join form, and for defendants to provide contact information and dates of employment of putative members once the notice was finalized. (*Id*.) The Magistrate Judge also forewarned the parties that they would have 14 days to file specific, written objections to the R&R. (*Id*. at 2 n.1.)

Fourteen days later, Cinemark and Simply Right filed the only timely objections to the R&R. (ECF Nos. 175, 176.) Fourteen days thereafter, plaintiffs filed a response to both Cinemark and Simply Right's objections. (ECF No. 181.)

I.  **Review of a Magistrate Judge's Report and Recommendation**

A district court may refer pending motions to a magistrate judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). A party is entitled to a *de novo* review of those portions of the

2

report and recommendation to which specific objection is made. *See* Fed.R.Civ.P. 72(b)(2), (3). "[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30 St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Furthermore, arguments not raised before the magistrate judge need not be considered by this Court. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

## II.     Legal Standard for Certification

In *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001), the Tenth Circuit Court of Appeals concluded it was not an abuse of discretion for a district court to apply a two-stage "ad hoc" process in order to determine whether putative collective action members were "similarly situated" for purposes of § 216(b) of the FLSA. At the initial "notice" stage, this Court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (quotations and alteration omitted). Then, at the conclusion of discovery, this Court makes a second, stricter determination of "similarly situated." *Id.* at 1103. At this second stage, the Court "reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses

3

available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made [any] filings required by [statute] before instituting suit." *See id*. (quotation omitted).

Defendants ask that this Court not follow the precise two-step process outlined in *Thiessen*. Instead, defendants want this Court to enforce a "heightened standard" of "similarly situated review that is more than the "notice" stage but less than the second stage outlined in *Thiessen*. (ECF No. 175 at 12-13; ECF No. 176 at 5-6.) The Court will not do so. As an initial matter, Cinemark is correct that the Tenth Circuit has recently discussed *Thiessen*, in an entirely different procedural context to the one here, but that discussion does not help defendants in any way.

In *In re Chipotle Grill, Inc.*, Case No. 17-1028 (Mar. 27, 2017) (unpublished), the Tenth Circuit was faced with a petition for writ of mandamus, seeking vacatur of a district court's joinder of 10,000 opt-in plaintiffs in a FLSA collective action. *Id*., slip op. at 1.[3] The Tenth Circuit observed that, in *Thiessen*, three different approaches to determining who was "similarly situated" were discussed. *Id*., slip op. at 3. Those three approaches were: "the ad hoc approach, the Rule 23 approach, and the spurious approach." *Id*. In *In re Chipotle Grill*, the district court used something akin to the spurious approach, allowing individuals bringing the same statutory claim against the same employer to join as a collective, with the understanding that individuals could be challenged and severed from the collective if the basis for their joinder proved erroneous. *Id*., slip op. at 4-5. The Tenth Circuit concluded that this approach was not such a gross abuse of discretion to warrant mandamus relief, and thus, denied the petition. *Id*., slip op. at 5-9 & n.1. The Tenth Circuit

---

[3] A copy of the Tenth Circuit's Order in *In re Chipotle Mexican Grill, Inc.* is attached hereto.

reiterated that, in denying the petition, it was not making a "definitive determination on the merits" of the three approaches for analyzing "similarly situated." *Id.*, slip op. at 6 n.1.

The one thing that jumps off the pages of the Tenth Circuit's order, at least in the context of the argument defendants present, is that defendants' approach—some alternative take on the ad hoc approach—is not one of the three approaches to determining "similarly situated" that the Tenth Circuit has identified as appropriate. In fact, never has the Tenth Circuit even mentioned defendants' "heightened standard," let alone identified it as a potentially appropriate way to assess "similarly situated." All that *In re Chipotle Grill* and *Thiessen* suggest is that, on appellate review, a district court is unlikely to be found to have abused its discretion in using one of three approaches identified in those opinions. Defendants' "heightened standard" also suffers from the infirmity of muddying fairly clear waters. The ad hoc approach has two clear stages, with two clear standards to apply—a comparatively black and white legal test. Defendants' test, though, would throw a whole set of grey shades over the ad hoc approach by requiring the Court to gauge how far discovery has advanced and asking whether that is far enough to apply defendants' "heightened standard." This obviously invites the question, how much discovery is enough to apply the "heightened standard"? The Court has no intention of resolving that question in every FLSA collective action case; not when there is an easily manageable ad hoc approach that does not require it. As a result, defendants' objections in this regard are rejected.[4]

---

[4] The Court notes that, here, plaintiffs sought application of the two-stage ad hoc approach. (ECF No. 121 at 3-7.) The Court makes no finding whether in another case, in which the plaintiff(s) sought certification under the spurious approach used by the district court in *In re Chipotle Grill*, the Court would apply the ad hoc or spurious approaches.

### III. The Motion to Strike

Neither Simply Right nor Cinemark raises any objection to the Magistrate Judge's recommendation to deny the motion to strike. As a result, the Court ADOPTS that recommendation, and DENIES defendants' motion to strike (ECF No. 149).

### IV. Matters That are Moot

On May 22, 2017, this Court entered an Opinion and Order, *inter alia*, granting Cinemark's motion for summary judgment, finding Cinemark not to be a joint employer for purposes of the FLSA. (ECF No. 185.) In its objections, Cinemark argues that the Magistrate Judge erred in finding the putative collection action to be "similarly situated" with respect to whether Cinemark was the joint employer of its putative members. (ECF No. 175 at 6-11.) In response, plaintiffs assert that there is "voluminous" evidence in the record of Cinemark's joint employer status, and, at this stage, the Court need not take up Cinemark's potential liability and need only find substantial allegations that Cinemark was a joint employer.

The obvious problem for plaintiffs is that the Court has already taken up, by virtue of both Cinemark and plaintiffs' motions for summary judgment, the issue of whether Cinemark was a joint employer. Thus, the Court need not rely upon plaintiffs' allegations, substantial or otherwise. As a result, because the Court has found that Cinemark is not a joint employer, the Court finds plaintiffs' motion for conditional certification to be moot to the extent it seeks certification of a collective action against Cinemark.[5]

---

[5] The Court notes that its Opinion and Order with respect to the joint-employer issue pertained solely to the non-stayed plaintiffs (as defined therein). However, the Court does not discern any problem with finding the motion for conditional certification to be moot as to Cinemark, given that nowhere in the motion for conditional certification do plaintiffs even make an argument that substantial allegations have been made as to Cinemark's joint-employer status (*see generally* ECF No. 121), plaintiffs do not argue in their response to Cinemark's objections that any of the stayed plaintiffs or putative collection action

<mark>6</mark>

## V. Simply Right's Objections to the R&R[6]

### A. Stayed Plaintiffs

Simply Right argues that the Magistrate Judge erred in providing relief to the stayed plaintiffs.[7] (ECF No. 176 at 6-9.) Simply Right argues that this was error because the stayed plaintiffs' claims are pending arbitration, and any ruling on those claims would be on the merits, which is prohibited. (*Id*. at 7-8.) Simply Right also asserts that the parties agreed to submit the stayed plaintiffs' claims to arbitration. (*Id*. at 8-9.) In response, plaintiffs assert that ruling on their motion for conditional certification is not a merits ruling, defendants have stipulated that the motions to stay various plaintiffs would not affect the motion for conditional certification, and no party has been referred to arbitration. (ECF No. 181 at 10-11.)

The Court agrees with plaintiffs. First, Simply Right fails to specifically address the Magistrate Judge's finding that ruling on the motion for conditional certification would *not* involve a merits determination. (*See* ECF No. 174 at 10-11.) Instead, Simply Right cites to the Magistrate Judge's finding, with respect to the motions for summary judgment, that ruling on those motions would result in a merits determination. (*See* ECF No. 176 at 7-8.) Apples and oranges spring to mind, given that the motions for summary judgment and the motion for conditional certification are entirely different beasts. Second, even if the Court were to put aside the lack of specific objections

---

members have more convincing allegations that Cinemark acted as their joint employer (*see generally* ECF No. 181), and the Magistrate Judge made no findings that substantial allegations were made that Cinemark engaged in the minimum-wage and overtime violations plaintiffs allege (*see* ECF No. 174 at 11-16).

[6] Because the Court has found the motion for conditional certification to be moot as to Cinemark, the Court does not further consider the objections Cinemark has raised to the R&R.

[7] The stayed named plaintiffs are Aurelio, Domingo, Godoy, Hernandez, Benita, and the stayed opt-in plaintiff is Raya (collectively, the "stayed plaintiffs"). (ECF No. 40, 42, 47, 51.)

7

to the Magistrate Judge's finding, Simply Right fails to adequately explain how ruling on the motion for conditional certification results in a merits determination. Deciding whether the putative collective action is "similarly situated" on a conditional basis is not a merits determination; it is a ruling designed to simply allow (or not allow) for the mailing of notice to putative members.

Third, the Court finds Simply Right's reliance upon the parties' agreement to arbitrate certain plaintiffs' claims to be, at best, disingenuous, given that both stipulations contained language that the stipulations would not affect any motion for conditional certification. (*See* ECF No. 40 at 2; ECF No. 47 at 2.) Although it is not precisely clear what the parties meant by saying the motion for conditional certification would be "unaffected" by the stipulations, the Court will not allow Simply Right to try and use the stipulations as evidence in its favor when the language of the same could so easily be construed against it. Put simply, to the extent Simply Right wished for the "unaffected" language to recognize a carve-out preventing the stayed plaintiffs from bringing a motion for conditional certification, they should have negotiated for such language in the stipulations. As a result, the Court rejects Simply Right's objections that the Magistrate erred in this respect.

**B.      Individual Issues**

The Court finds that Simply Right's objections in this regard are misplaced in light of the Court's finding that the 'traditional' ad hoc approach to collective action certification will apply in this case. Essentially, Simply Right argues that the Magistrate Judge failed to consider that individual issues will predominate. (ECF No. 176 at 9.) Simply Right asserts that facts regarding ultimate liability are not common and the theories of liability are different. (*Id*. at 9-11.)

The problem for Simply Right is that all of their arguments in this regard, which the Court does not address substantively, are encapsulated by the second "stricter standard" stage of the ad hoc

approach.[8]  And this case is not there yet.  Notably, the factors identified in *Thiessen* to consider at stage two include disparate factual and employment settings, and individual defenses available to the defendant.  *Thiessen*, 267 F.3d at 1103.  Those buckets are entirely what Simply Right's arguments fall into.  The asserted fact that, each time defendants depose a declarant, he or she recants or clarifies his or her declaration (ECF No. 176 at 11), if true, may turn out to be problematic for plaintiffs' ultimate success in having their collective action finally certified, but that is a fight to be fought at the second stage, not now.[9]

Simply Right also asserts that the Magistrate Judge failed to consider that plaintiffs failed to present substantial allegations of Simply Right's violative conduct.  (ECF No. 176 at 9.)  Contrary to Simply Right's contention, the Magistrate Judge definitely considered that.  (ECF No. 174 at 8-17.)  It is the heart of the R&R.  Moreover, Simply Right fails to specifically object to any of the Magistrate Judge's findings in this regard.  Instead, Simply Right asserts that the Magistrate Judge did not consider countervailing issues.  (*See* ECF No. 176 at 9-11.)  As discussed *infra*, consideration of those issues is not meant for the first stage of the ad hoc approach.  In addition, returning to the heart of the R&R, the Court agrees with the Magistrate Judge that plaintiffs have presented substantial allegations that they are "similarly situated" with respect to their minimum-wage and overtime claims, and ADOPTS those findings as more fully set forth in the R&R.

---

[8] As such, this is further indication that rather than advocating for a "heightened standard" of review, Simply Right instead wants to short-circuit the "stricter standard" of review required by the second stage of the ad hoc approach.

[9] All the Court is willing to add in this regard at this stage is that, while the Court would be concerned with certifying a collective action on a final basis that requires holding individual trials for most of the putative members, this Court has discretion to determine a "grouping scheme" that will facilitate the prosecution of this action.  *See In re Chipotle Grill*, slip op. at 8-9.

## C. Arbitration Agreements

Simply Right argues that the Magistrate Judge did not consider whether arbitration agreements between Simply Right and its employees precluded litigation on a class-wide basis. (ECF No. 176 at 12-13.) Simply Right asserts that five of the seven named plaintiffs are subject to arbitration agreements, as are three of the declarants supporting the motion for conditional certification. (*Id*. at 13.) Simply Right argues that, because "many members" of the putative collective action are subject to arbitration agreements, they cannot participate in this action. (*Id*.) Plaintiffs respond that Simply Right's assertion about some members of the putative class being subject to arbitration agreements is without evidence. (ECF No. 181 at 12.) Plaintiffs also contest whether an arbitration agreement waives a person's right to participate in a collective action. (*Id*. at 12-13.)

The Court need not address at this juncture the parties' apparent dispute as to whether any purported arbitration agreements render class certification improper, as Simply Right's assertion that "many members" of the putative collective action are subject to arbitration agreements is speculative at this time. Currently, it is not known which of the putative collective action members will opt-in to this case, and thus, it is unknown whether any of those potential opt-ins will be subject to arbitration agreements. As a result, in light of the speculative nature of Simply Right's arguments in this regard, the Court believes it best left for the second stage of class certification, rather than the first.[10]

---

[10] The Court also notes that, even if some or many of the putative collective action members were subject to arbitration agreements, and the Court found that those agreements prevented the individuals subject to them from being part of a collective action in this Court, that would not mean that the Court could not effectively group those individuals not subject to arbitration agreements for purposes of pursuing a collective action here.

### D. Standing to Assert Overtime Claims

Simply Right argues that the Magistrate Judge failed to consider whether plaintiffs have standing to pursue their overtime claims. (ECF No. 176 at 13-15.) Simply Right asserts that plaintiffs lack standing to pursue the overtime claims because neither of the two non-stayed and named plaintiffs (Jose Luis and Clara) worked over 40 hours per week. (*Id*. at 13.) Plaintiffs' only response to this argument is that they can move to amend their complaint to include opt-in plaintiffs to remedy any concerns with standing. (ECF No. 181 at 12.)

It appears undisputed that Jose Luis and Clara did not work sufficient hours to bring an overtime claim under the FLSA. (*See generally id*. (failing to address Simply Right's argument in this regard)). However, contrary to Simply Right's contention, they did not adequately "explain[]" why only Jose Luis and Clara have standing to move for conditional certification. (*See* ECF No. 176 at 13.)[11] As discussed *supra*, with respect to the stayed plaintiffs, the Court has already found Simply Right's objections to be without merit.[12] As a result, the Court rejects Simply Right's objection to plaintiffs' standing to bring their overtime claims.

### E. California

Simply Right finally asserts that the Magistrate Judge failed to address that workers in California should be excluded from the collective action definition. (ECF No. 176 at 15.) Simply

---

[11] Simply Right refers back to "Section II.A.2" for its explanation. (ECF No. 176 at 13.) The Court assumes Simply Right means section III.A.2. because there is no section II.A.2. in its objections.

[12] Simply Right also asserts that opt-in plaintiffs Nazario and Maribel cannot bring the motion for conditional certification. (ECF No. 176 at 9 n.4.) With respect to the overtime claims, it is not clear whether Nazario and Maribel are relevant to the analysis, given that they may not have worked more than 40 hours per week. (*See* ECF No. 152 at 7.) Nonetheless, the Court does not necessarily agree with Simply Right's unsupported assertion that opt-in plaintiffs cannot bring the motion for conditional certification, as the language of the FLSA would seem to contradict it. *See* 29 U.S.C. § 216(b) (providing that an employee becomes a *party plaintiff* to an action if he or she gives consent in writing to become such a party and such consent is filed in the pertinent court).

Right asserts that plaintiffs' counsel has clarified that plaintiffs did not intend to include California workers in this action. (*Id*.) Plaintiffs do not respond to this argument in response. (*See generally* ECF No. 181.) As a result, and accepting Simply Right's counsel's representations as accurate, the Court shall exclude all Simply Right employees who worked in California from the collective action definition.

## VI. The Motion for Status Conference

Plaintiffs seek a status conference for the following reasons. First, because low-wage and immigrant workers are "typically transient," the contact information for workers in this case becomes "more stale" each day. (ECF No. 177 at 2.) Second, prompt action on the R&R. (*Id*. at 3.) Third, plaintiffs requested, in their motion for conditional certification, that notice be sent to putative collective action members by text message, but this request was not addressed by the Magistrate Judge. (*Id*. at 3-4.) Plaintiffs further assert that there may be a risk, in sending text messages to putative members, of violating the Telephone Consumer Protection Act. (*Id*.) Finally, in their reply in support of the motion for status conference, plaintiffs assert, for the first time, that the record does not support the need for a third-party administrator. (ECF No. 182 at 3.)

None of these reasons for holding a status conference are sufficient. The first two reasons are interconnected, and the Court rejects any notion that a status conference would somehow prompt the Court to act faster. Briefing with respect to the instant R&R ended on May 11, 2017. It is now May 22, 2017. That is not unprompt action. As for the third reason, as the Court stated in its Opinion and Order with respect to the motions for summary judgment, it is plaintiffs' responsibility to file objections to a report and recommendation when there is something in the report that plaintiffs want this Court to either resolve differently to the Magistrate Judge or address when the Magistrate

Judge failed to do so. Plaintiffs, however, have filed no objection to the R&R. Even though it would not have ameliorated their error, plaintiffs did not even raise the text-message issue in their response to defendants' objections. The same is true of plaintiffs' belated mention of the lack of a need for a claims administrator. This is clearly an objection to the Magistrate Judge's recommendation that the form of notice provide that a third-party administrator oversee the collective action. (*See* ECF No. 174 at 18.) The obvious problem is that plaintiffs first mentioned this issue 32 days after the filing of the R&R.

That being said, these are errors of plaintiffs' counsel that the Court does not believe are appropriately borne by the putative collection action members.[13] Although the Court has not decided whether using text messages is an appropriate method for notifying collective action members of this case, arguably, not using such a method could result in fewer eligible individuals from opting in. Requiring a claims administrator, meanwhile, will inevitably result in attendant costs of the administrator being borne by one or all of the parties.[14] As a result, the Court will assess these issues independently of the R&R notwithstanding the lack of a specific objection.

With respect to the third-party administrator, the Court rejects the Magistrate Judge's recommendation to use one, at least at this juncture, because there is simply no adequate record for why one should be required. In that regard, the Court notes that this issue was first raised in a footnote of Simply Right's response to the motion for conditional certification—a footnote without citation to the record or case law for why a third-party administrator should be required. (ECF

---

[13] Whether the errors will be borne by plaintiffs' counsel, such as in any request for attorney's fees that may be made, remains to be seen.

[14] Although the Magistrate Judge recommended using a third-party administrator, the Magistrate Judge did not state by whom the costs of doing so should be borne.

No. 152 at 20 n.9.) In addition, the R&R does not explain why it would be "just and proper" to require an administrator. (*See* ECF No. 176 at 18.) As for Simply Right's ruminations on this issue in their response to the motion for status conference, other than stating that they should not be required to disclose the telephone numbers of their current and former employees, Simply Right appears to be more concerned with speculating that plaintiffs' counsel will use the telephone numbers for improper purposes. (*See* ECF No. 179 at 3-4.) The Court is not going to require a third-party administrator and incurrence of the attendant costs based upon speculation. As a result, the Court declines to adopt the recommendation to use a third-party administrator. However, to the extent the parties continue to disagree on this point, the Court will allow both sides to present argument, supported by actual facts and case law, as to why such an administrator is necessary (or not) in this action.

## VII. Summary

The Court ADOPTS the R&R to the extent that it recommends denying the motion to strike.

The Court ADOPTS the R&R to the extent that it recommends conditionally certifying a collective action in this case against Simply Right, Beatrice Permann, and Daniel Kilgore.

The Court REJECTS the R&R to the extent that it recommends certifying a collective action against Cinemark.

The Court REJECTS the R&R to the extent that it failed to exclude Simply Right employees in California from the collective action.

The Court defines the collective action as follows:

> **All Simply Right employees (except for those in California) who cleaned Cinemark theaters on or after May 7, 2012 who brought non-employees to help them clean and/or who worked more than forty (40) hours per week without payment of one-and-a-half times their regular rate for those hours worked over forty (40).**

The Court ADOPTS IN PART the R&R to the extent that it recommends that plaintiffs' form of notice is deficient, except for the requirement that a third-party administrator be used.

The Court ADOPTS the R&R to the extent that it recommends that plaintiffs, Simply Right, Beatrice Permann, and Daniel Kilgore confer as to a mutually agreeable notice and consent to join form. Although the Court does not wish to believe that mutual agreement is unattainable, in the event that it is, the Court will resolve any disagreements on the timeline set forth below.

The above-named parties shall meet, confer, and attempt to draft a mutually agreeable notice and consent to join form on or before June 5, 2017.

On or before June 5, 2017, the above-named parties shall file an update as to the status of a mutually agreed upon notice and consent to join form. To the extent the above-named parties attain a mutually agreeable notice and consent join form, they shall file the same with their update. To the extent the above-named parties are unable to attain agreement as to the notice and consent to join form, the above-named parties shall file a joint exhibit to their update, setting forth in bullet-point fashion the specific disagreements that they have over the notice and consent to join form.[15] The exhibit shall be no more than five (5) pages long. Then, on or before June 12, 2017, the above-named parties shall file (separately) supplements to their update. The supplements shall be no more than five (5) pages long each, otherwise conform to the Court's Civil Practice Standards, and provide argument (including citation to the record and case law if applicable) as to why the above-named parties' disagreement(s) should be resolved in the respective party's favor. No extensions to these

---

[15] To be clear, the above-named parties' disagreements may include whether text messages may be used to notify putative collective action members. To be equally clear, however, contrary to plaintiffs' counsel's apparent request (*see* ECF No. 177 at 3-4), the Court will not be providing counsel any legal advice as to whether sending text messages to putative collective action members of a FLSA action violates the Telephone Consumer Protection Act.

deadlines will be allowed, nor will any further briefing be allowed. To the extent that briefing is required, the Court will decide after the filing of the same whether a hearing or referral is necessary.

**VIII. Conclusion**

For the reasons set forth herein, the Court:

(1) REJECTS AS MOOT Cinemark's objections to the R&R (ECF No. 175);

(2) REJECTS IN PART and SUSTAINS IN PART Simply Right, Beatrice Permann, and Daniel Kilgore's objections to the R&R (ECF No. 176);

(3) ADOPTS IN PART and REJECTS IN PART the R&R (ECF No. 174);

(4) GRANTS IN PART, DENIES IN PART, and DENIES AS MOOT IN PART plaintiffs' motion for conditional certification (ECF No. 121);

(5) DENIES defendants' motion to strike (ECF No. 149); and

(6) DENIES plaintiffs' motion for status conference (ECF No. 177).

**SO ORDERED.**

DATED this 22nd day of May, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge