<u>**JOINT STIPULATION OF SETTLEMENT AND RELEASE**</u>

This Joint Stipulation of Settlement and Release ("Agreement") is entered into between Simply Right, Inc. ("Simply Right"), Daniel Kilgore, and Beatrice Permann (collectively, "Defendants"), on the one hand, and Clara Arreola, Jose Luis Arreola, Maribel Arreola, Nazario Arreola, Armida Raya, Domingo Sanchez, Miguel Angel Godoy, and Aurelio Sanchez ("Current Plaintiffs"), on behalf of themselves individually and on behalf of a collective group of similarly situated individuals, on the other hand.

Defendants and the Current Plaintiffs (collectively the "Settling Parties") agree to do all things and procedures reasonably necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Simply Right of the consideration expressed in this Agreement subject to the terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims as set forth in this Agreement; and (c) other valuable monetary and non-monetary consideration as set forth in this Agreement. This Agreement is contingent upon approval by the Court and is entered into voluntarily by the Settling Parties for settlement purposes only.

### RECITALS

**WHEREAS**, on May 7, 2015, the Current Plaintiffs filed a lawsuit in the United States District Court for the District of Colorado, *Sanchez, et al. v. Simply Right, et al.*, Case No. 15-cv-00974-RM-MEH (the "Litigation"), asserting claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, based on the alleged failure to pay minimum wage and/or overtime compensation to the Current Plaintiffs and others similarly situated; and

EXHIBIT 1

**WHEREAS**, the purpose of this Agreement is to settle fully and finally all Released Claims (as hereinafter defined) that Current Plaintiffs and any individuals who opt in to the Litigation may have against Defendants; and

**WHEREAS**, Defendants deny that they have committed any wrongdoing or violated any federal, state or local laws pertaining to payment of wages, and further deny that they are liable or owe minimum wages or any overtime compensation to anyone with respect to the alleged facts or causes of action asserted in the Litigation; and

**WHEREAS**, on August 31, 2017, the Settling Parties participated in a settlement conference of this matter with U.S. Magistrate Judge Michael E. Hegarty and reached an accord resulting in this Agreement; and

**WHEREAS**, the Settling Parties agreed to settle and resolve any and all claims that could be asserted in the Litigation pursuant to the terms of this Agreement, in order to avoid the burden, expense, risks and uncertainty of litigation.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, and intending to be legally bound, the Settling Parties hereto agree to a full and complete settlement of the Litigation and release of claims on the following terms and conditions:

I.      **SETTLEMENT APPROVAL PROCEDURE**

A.      On or before September 30, 2017, the Settling Parties agree to file a Joint Motion for Approval of Settlement ("Joint Motion for Approval"), attaching this Settlement Agreement and the Notice of Settlement, advising the Potential Opt-In Plaintiffs (as defined below) of the material terms and provisions of this settlement, the procedure for submitting the Consent to Join

Claim Form, and their rights with respect to this settlement.  The Joint Motion for Approval will seek the Court's entry of a Preliminary Approval Order approving the notice and opt-in procedure set forth below and preliminarily approving this Settlement Agreement.  After the Claim Bar Date or Remailing Opt-In Period (whichever is later) (as defined in Section II.A., below), the Settling Parties will file a joint motion for final approval of the settlement.

        B.      Potential Opt-In Plaintiffs shall include those individuals who worked for Simply Right cleaning Cinemark movie theatres outside California, as well as any non-employees those individuals brought with them to help them clean, any time between September 7, 2014 and the date on which the Notice of Settlement is mailed.

        C.      The Settling Parties shall cooperate and present to the Court for its consideration in connection with the approval of the Agreement and Court-facilitated notice such information as may be requested by the Court for approving this Agreement and Court-facilitated notice.

## II.      <u>MODE, CALCULATION AND TIMING OF PAYMENT OF CLAIMS</u>

### A.    <u>Notice of Claims</u>

        1.      Upon the Court's entry of the Preliminary Approval Order, Simply Right shall provide the Settlement Claims Administrator with an Excel spreadsheet listing the names, last known addresses, and dates of employment of the Potential Opt-In Plaintiffs, as that information exists on file with Simply Right.  Prior to the mailing of the Notice of Settlement to the Potential Opt-In Plaintiffs, the Settlement Claims Administrator shall attempt to confirm the accuracy of the addresses through the United States Post Office's National Change of Address database and shall mail the Notice of Settlement to any updated address obtained therefrom.

2.      Within one month of the Court's entry of the Preliminary Approval Order, the Settlement Claims Administrator shall mail to the Potential Opt-In Plaintiffs, via First Class U.S. Mail, in one mailing, the Notice of Settlement in the form attached hereto as Exhibit A, in English and Spanish, with an enclosed, postage-paid return envelope.  Also within one month of the Court's entry of the Preliminary Approval Order, Simply Right shall include in the paycheck envelope of any Potential Opt-In Plaintiff who is a current employee who is paid by live check, a Notice of Settlement in the form attached hereto as Exhibit A, in English and Spanish, with an enclosed, postage-paid return envelope.  The envelope in which the Notice of Settlement is mailed shall state, in English and Spanish, "Important Information Regarding Your Legal Rights."  The Potential Opt-In Plaintiffs will be provided, in English and Spanish, with a summary of the basis for settlement in the Notice of Settlement and told that in order to receive any monetary proceeds of the settlement, the original, properly-executed and completed Consent to Join Claim Form and Release must be postmarked or received by mail, email, or facsimile by the Settlement Claims Administrator on or before sixty (60) days after the date the Notices of Settlement were initially mailed to the Potential Opt-In Plaintiffs (the "Claim Bar Date").  To the extent there are matters not covered in the Notice of Settlement that are covered in this Agreement, or to the extent the Notices of Settlement are inconsistent with this Agreement, this Agreement shall govern and control.

3.      In the event that Plaintiffs' Counsel or the Settlement Claims Administrator is contacted by a Potential Opt-In Plaintiff before the Claim Bar Date and the Potential Opt-In Plaintiff indicates that he or she did not receive the Notice of Settlement, the Settlement Claims Administrator shall mail an additional Notice of Settlement to the mailing address provided by

the Potential Opt-In Plaintiff and any such person shall be permitted thirty (30) days from any re-mailing of the Notice to submit their claim form ("Re-mailing Opt-in Period") if such period exceeds the original sixty (60) day Notice period.

4.      In the event any Consent to Join Claim Form and Release is timely submitted but does not contain a signature or sufficient information to identify the Potential Opt-In Plaintiff, the Settlement Claims Administrator shall promptly provide the Potential Opt-In Plaintiff within seven (7) business days with a letter requesting the information that was not provided and giving the Potential Opt-In Plaintiff twenty-one (21) days from the mailing of such cure letter to respond if such period exceeds the original sixty (60) day Notice period.  Any Potential Opt-In Plaintiff who fails to respond timely to a cure letter, will not be considered a Qualified Claimant (as defined below).

5.      In the event of any dispute over a Potential Opt-In Plaintiff's dates of employment, eligibility to make a claim as an Opt-In Plaintiff and/or the late submission of any claims, the Settling Parties will meet and confer in good faith in an effort to resolve the dispute, and if the Settling Parties are unable to reach an agreement, they will submit the dispute to Magistrate Judge Hegarty for resolution. Magistrate Judge Hegarty's decision as to any such dispute will be final; however, to the extent a claim is submitted late for which there is a good faith explanation to support the untimely submission, it will be presumed that the Settlement Claims Administrator and the Settling Parties will accept same.  Additionally, in the case of a dispute over a Potential Opt-In Plaintiff's dates of employment, Simply Right's records shall control and will have a rebuttable presumption of correctness.

6.      All Potential Opt-In Plaintiffs who timely return completed and executed Consent to Join Claim Forms and Releases, will be considered "Qualified Claimants" entitled to receive their finalized share of the Net Settlement Fund (as defined in paragraph II(E)(1) below).

7.      Within fifteen (15) days after the Claim Bar Date or Remailing Opt-In Period (whichever is later), the Settlement Claims Administrator shall provide to Defendants' Counsel and Plaintiffs' Counsel a list of Qualified Claimants and shall provide electronic copies of all timely received and completed Consent to Join Claim Forms and Releases.

8.      At the conclusion of the settlement administration process, the Settlement Claims Administrator shall maintain an electronic copy of all Consent to Join Claim Forms and Releases received by the Potential Opt-In Plaintiffs and shall provide the original Consent to Join Claim Forms and Releases to Counsel for Defendants.  The Settlement Claims Administrator shall also provide Defendants' Counsel and Plaintiffs' Counsel a register listing all Qualified Claimants and the payment amount made to each Qualified Claimant, including the amount of tax withholdings and the employer's share of payroll taxes.

B.      **Simply Right's Payment Obligations**

1.      <u>Gross Fund</u>.   In consideration for the dismissal with prejudice of the Litigation as well as the release of claims effected by this Agreement and other good and valuable consideration, Simply Right shall pay a total of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) (the "Gross Fund") to settle the Litigation, unless Simply Right files for bankruptcy prior to making all payments into the Gross Fund.  Subject to the terms of this Agreement, the Gross Fund is inclusive of payment for: (1) all settlement amounts to be paid to all Qualified Claimants, or their respective authorized legal representatives; (2) all Current

Plaintiff Payments (as defined in paragraph II(E)(3) below) approved by the Court; (3) all Attorneys' Fees (as defined in paragraph II(E)(4) below) approved by the court for Plaintiffs' Counsel; (4) one-half of Settlement Administration Costs (as defined in paragraph II(C)(4) below) incurred by the Settlement Claims Administrator, including all costs in connection with the Settlement Fund (as defined in paragraph II(D)(1) below); (5) the Qualified Claimants' share of applicable federal, state and local taxes required to be withheld by Simply Right; and (6) the Employer's Share of Payroll Taxes (as defined below) required to be paid by Simply Right.  The Gross Fund is the maximum amount Simply Right or Released Parties (as defined below) shall pay to settle the Litigation.  The other half of the Settlement Administration Costs not included in the Gross Fund will be paid separately by the Defendants. This is a non-reversionary settlement.

2.    Timing of Payment.   Within one month of the Court's order approving the Joint Motion for Approval, Simply Right will make a payment of Thirty Thousand Dollars ($30,000.00) ("Initial Payment") by wire transfer to a Qualified Settlement Fund ("QSF") established by the Settlement Claims Administrator ("Initial Payment Date").   Each month thereafter, for the next thirteen (13) months, unless Simply Right has filed for bankruptcy, Simply Right will make a payment of Fifteen Thousand Dollars ($15,000.00) by wire transfer to the QSF.  Therefore, the final payment ("Final Payment") shall be made fourteen (14) months after the Court's entry of the Preliminary Approval Order ("Final Payment Date"). In the event Simply Right files for bankruptcy prior to the Final Payment Date ("Bankruptcy Filing"), Simply Right will cease making payments under this Agreement as of the Bankruptcy Filing date, and payment out of the Gross Fund as funded as of the bankruptcy date will be accelerated.  The

Settling Parties agree to confer in the event of a Bankruptcy Filing regarding acceleration of the payment dates set forth in this Agreement.

      C.    <u>**Settlement Claims Administration**</u>

      **1.**    Simply Right will retain JND Class Action Administration ("Settlement Claims Administrator") as the settlement administrator to:  (a) provide notice of the settlement to Potential Opt-In Plaintiffs; (b) receive and review the Consent to Join Claim Forms and Releases submitted by Potential Opt-In Plaintiffs to determine eligibility for payment; (c) set up and administer a qualified settlement fund to disburse all settlement payments; (d) calculate settlement amounts for each Potential Opt-In Plaintiff; (e) calculate and make all payroll tax and other withholdings, including the employer's share of such taxes and withholdings; (f) distribute settlement checks; (g) address any questions from Potential Opt-In Plaintiffs; (h) prepare and mail all necessary IRS forms; and (i) perform any other duties that are necessary to effectuate the Agreement.

      **2.**    Throughout the period of claims administration, the Settlement Claims Administrator will provide reports to the Settling Parties upon request by either Settling Party regarding the status of the mailing of the Notice of Settlement to Potential Opt-In Plaintiffs, the claims administration process, the receipt of Consent to Join Claim Forms and Releases, and distribution of the Settlement Checks or any other aspect of the claims administration process.

      **3.**    The Settling Parties will cooperate to resolve any issues identified by the Settlement Administrator.

      **4.**    One half of the fees, expenses, and costs of the Settlement Claims Administrator related directly or indirectly to its duties under this Agreement, including but not

limited to one-half of all fees, expenses, and costs in connection with the Gross Fund and Settlement Fund, and those duties related to notice, check cutting and mailing, claims processing, reports to counsel, court filings, legal and accounting advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to Qualified Claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below), calculating the estimated settlement payments and final settlement payment amounts, and any other related duties (hereinafter collectively referred to as the "Settlement Administration Costs")  shall be paid from the Settlement Fund after court approval.  The other half of the Settlement Administration Costs shall be paid by Simply Right separately from the Settlement Fund.

### D.       Creation and Implementation of a Qualified Settlement Fund

1.       Establishing the Qualified Settlement Fund.   The Gross Fund will be deposited in an account titled Simply Right Settlement Fund (the "Settlement Fund"), intended by the Settling Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq*.  The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.,* and shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court.

2.       Administering the Settlement Fund.  The Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund, including the handling of tax-

related issues and payments.   The Settlement Claims Administrator shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification.   The Settling Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.   The Settling Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

       **3.**    <u>Tax Withholding and Reporting - Employment Taxes</u>.   The Settling Parties recognize that the back pay awards to Qualified Claimants will be subject to applicable tax withholding and reporting and employer payroll taxes.   The Settlement Claims Administrator shall be responsible for withholding and timely remitting and reporting to the appropriate taxing authorities the employee's share of payroll taxes from the back wage/payment of each Qualified Claimant and shall be responsible for paying the employer's share of all state and federal payroll taxes or contributions imposed by applicable law  (*i.e.* the employer's share of all FICA, FUTA, SUTA, Medicare, and/or state unemployment taxes, collectively referred to herein as the "Employer's Share of Payroll Taxes") for the back wage payment of each Qualified Claimant (as described in paragraph III(B)(6) above) from the Settlement Fund, as calculated and deducted from the Gross Fund prior to calculation of the Current Plaintiffs' and Qualified Claimants' individual settlement payment amounts.   Subject to the Settlement Claims Administrator's obligation to comply with applicable laws, the Settling Parties anticipate that any amounts designated as liquidated damages or interest shall not be subject to withholding and shall be reported to the IRS on Form 1099.

4.    Other Payments and Indemnification.    The Settlement Claims Administrator shall satisfy from the Settlement Fund: all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and any and all taxes, penalties and other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.  The Settlement Claims Administrator shall indemnify the Settling Parties for any penalty or interest arising out of an incorrect calculation or late deposit of the same.

5.    Communication with Simply Right and Counsel.    Simply Right, Simply Right's Counsel, and Plaintiffs' Counsel are authorized to communicate directly with the Settlement Claims Administrator to expedite the settlement administration process.

E.    **Allocation of the Settlement Fund**

1.    Net Settlement Fund.    The "Net Settlement Fund" means the remainder of the Gross Fund after deductions for: (i) the Current Plaintiff Payments awarded by the Court; (ii) Attorneys' Fees awarded by the Court; and (iii) one-half of the Settlement Administration Costs.

2.    Allocation of Net Settlement Fund to Qualified Claimants.

a)   The Net Settlement Fund shall be allocated to the Qualified Claimants on a pro rata basis based on the total number of Qualifying Work Weeks for each Qualified Claimant during the time period covered by this Agreement.  A "Qualifying Work Week" is a work week in which a Qualified Claimant worked for Simply Right cleaning a Cinemark theater outside California, or helped a Simply Right employee or independent contractor clean a Cinemark theater during the time covered by this Agreement.  This formula shall be employed by

the Settlement Administrator whether very few or very many Potential Opt-In Plaintiffs submit Claim Forms.

b)  Simply Right's records will be used to determine the number of Qualifying Work Weeks for those Qualified Claimants for which Simply Right has records of paying.

c)  For Qualified Claimants Simply Right has no record of paying, Qualifying Work Weeks will be the lesser of: (1) the number of Qualifying Work Weeks the Qualified Claimant claims on the claim form; or (2) the number of Qualifying Work Weeks of the Simply Right employee or independent contractor who brought the Qualified Claimant to work as a helper.

3.    <u>Current Plaintiff Payments.</u>  Thirty-three percent (33%) of the Gross Fund shall be allocated to Current Plaintiffs ("Current Plaintiff Fund").  Current Plaintiffs shall not participate in the claims process for Qualified Claimants and shall be paid only from the Current Plaintiff Fund as stated in this paragraph.  The Settlement Claims Administrator shall calculate the individual settlement payment amounts for the Current Plaintiffs as follows:

a)  Seventeen percent (17%) of the Current Plaintiff Fund to Jose Luis Arreola;

b)  Seventeen percent (17%) of the Current Plaintiff Fund to Clara Arreola;

c)  Sixteen percent (16%) of the Current Plaintiff Fund to Aurelio Sanchez;

d)  Sixteen percent (16%) of the Current Plaintiff Fund to Domingo Sanchez;

e)  Eleven percent (11%) of the Current Plaintiff Fund to Miguel Angel Godoy;

f)  Eleven percent (11%) of the Current Plaintiff Fund to Armida Raya;

g)  Six percent (6%) of the Current Plaintiff Fund to Nazario Arreola;

h)  Six percent (6%) of the Current Plaintiff Fund to Maribel Arreola.

These payments will be distributed by the Settlement Claims Administrator in two payments, the first occurring within ten (10) days after the Initial Payment Date, and the second occurring within ten (10) days after the Final Payment Date.

4.    Attorneys' Fees.  Plaintiffs' Counsel shall make an application to the Court for an award of attorneys' fees in the amount of twenty-two percent (22%) of the Gross Fund (the "Attorneys' Fees").   Simply Right will not oppose Plaintiffs' Counsel's motion for Attorneys' Fees.   The settlement is not conditioned upon the Court's approval of Plaintiffs' Counsel's petition for Attorneys' Fees in the stated amounts, and any amounts that are not approved for attorneys' fees shall become part of the Net Settlement Fund.   Payment of such approved attorneys' fees to Plaintiffs' Counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any and all obligations by Defendants to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of the Current Plaintiffs, any Potential Opt-In Plaintiffs, and any Qualified Claimants.   The Settlement Claims Administrator shall report the payment of these fees to Plaintiffs' Counsel on an IRS Form 1099. Within ten (10) days after the later of:  (a) the Final Payment Date, or (b) the date the Court has approved an award of fees to Plaintiffs' Counsel, the Settlement Claims Administrator shall pay to Plaintiffs' Counsel by wire transfer the amount of Attorneys' Fees approved and ordered by the Court.

F.    **Payments to Qualified Claimants**

1.     <u>Timing of Payments.</u>  Within thirty (30) days after the Claim Bar Date or Remailing Opt-In Period (whichever is later), the Settlement Claims Administrator will calculate the settlement awards for the Qualified Claimants ("Individual Settlement Payment")  and shall provide a copy of such calculations to Plaintiffs' Counsel and Defendants' Counsel.  The Settlement Claims Administrator will transmit the Individual Settlement Payments to the Qualified Claimants by first-class U.S. Mail to the last known address for each Qualified Claimant, or such other address provided by the Qualified Claimant to the Settlement Claims Administrator, within ten (10) days after the Final Payment Date, in accordance with the withholding and reporting requirements set forth below.

2.     <u>Taxes on the Current Plaintiff Payments and Individual Settlement Payments.</u>  The Current Plaintiff Payments attributed to the Current Plaintiffs and the Individual Settlement Payments attributed to the Potential Opt-In Plaintiffs who timely submit Consent to Join Claim Forms and Releases and become Qualified Claimants shall be allocated 50% to back wages and 50% to liquidated damages and interest.  The back wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state or local-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.).  The liquidated damages and interest and shall be treated as non-wage income to the Current Plaintiffs and Qualified Claimants.  The Settlement Claims Administrator shall report the back wage payments to the Internal Revenue Service ("IRS") on IRS Form W-2 and shall report the liquidated damages and interest on IRS Form 1099.

**3.**     Tax Advice.  Current Plaintiffs acknowledge and agree that they have not relied upon any advice from Simply Right or Plaintiffs' Counsel as to the taxability of the payments received pursuant to this Agreement.

**4.**     Negotiation of Settlement Checks.   Current Plaintiffs and Qualified Claimants will have one hundred twenty (120) days after the date on the settlement checks (the "Check Issuance Date") in which to negotiate the checks. If any Current Plaintiff or Qualified Claimant does not negotiate his or her settlement check within 120 days after the Check Issuance Date, the check will be void and the gross amount of the Individual Settlement Payment shall be returned to the Settlement Claims Administrator.  If more than five percent (5%) of the Gross Fund is returned to the Settlement Claims Administrator, the Settlement Claims Administrator shall perform a second calculation of settlement awards to Qualified Claimants using the same methodology as the original calculation and shall issue a second set of Individual Damages Payments to those Qualified Claimants who negotiated their settlement checks.  If five percent (5%) or less of the Gross Fund is returned to the Settlement Administrator, that amount shall be paid as an award to cy pres beneficiary El Centro Humanitario de los Trabajadores.

**5.**     In the event that no Potential Opt-In Plaintiffs timely return Claim Forms, the Settlement Claims Administrator shall perform a second calculation of settlement awards to Current Plaintiffs using the same methodology as the original calculation and shall issue a second set of Individual Damages Payments to Current Plaintiffs.

**III.**      **DISMISSAL OF LAWSUIT**

        Following the Court's final approval of the settlement, the Settling Parties will file a joint motion for dismissal of the Lawsuit.  This motion will be filed within ten (10) days after the Court's final approval of the settlement or as otherwise directed by the Court.

**IV.**      **RELEASE**

        **A.**      Release By Qualified Claimants.   Conditioned upon the Court's entry of the Preliminary Approval Order, and in exchange for the monetary consideration recited in this Agreement, the Current Plaintiffs, and all Qualified Claimants who timely execute and return a Consent to Join Claim Form and Release, shall waive, release and forever discharge Simply Right, Cinemark USA, Inc., Daniel Kilgore, and Beatrice Permann, including their parents, subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past and present officers, directors, agents, representatives, attorneys and employees (collectively, the "Released Parties") from any and all minimum wage and overtime claims, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, under federal and applicable state and local law that arise from their cleaning of Cinemark theatres outside California through the date of mailing of the Notice of Settlement, relating back to the full extent of the federal and state statutes of limitations ("Released Claims").

        **B.**      General Release By Current Plaintiffs.   Current Plaintiffs who receive a Current Plaintiff Payment will additionally release, on behalf of themselves and their heirs, executors and assigns, the Released Parties from any and all claims, demands, liabilities, debts, judgments, damages, expenses, administrative actions, causes of action or suits of any kind for or by reason of any matter, cause, or thing whatsoever, whether for tort, breach of express or implied

employment contract, unjust dismissal, wrongful termination or under any federal, state, or local law dealing with discrimination or retaliation based on age, race, sex, national origin, religion, disability, or any other protected class and including any and all claims for incidental or consequential damages, expenses incurred, litigation expenses, court costs, attorney fees, tort or contractual damages of any kind, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive, which arose out of or are connected in any way, directly or indirectly, with any and all claims the Current Plaintiff has now, may have or may have had against the Released Parties through and including the date of execution of this Settlement Agreement.  This General Release of all claims includes, but is not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Fair Labor Standards Act, each as has been or may be amended from time to time, and any other federal, state, or local laws, the common law, and any other rules or regulations governing the relationship between an employer and employee.

  **C.** <u>Effect of Simply Right Bankruptcy on Release</u>. In the event that Simply Right files for bankruptcy prior to the Final Payment, the releases set forth in this Agreement shall not affect the right of Current Plaintiffs and/or Qualified Claimants to pursue such payments from Simply Right through the bankruptcy court.  If Simply Right files for bankruptcy after the Initial Payment but before the Final Payment, the release of claims as to the other Released Parties shall remain in full force and effect, and the Current Plaintiffs and Qualified Claimants shall have no right to any monetary recovery from the other Released Parties.  However, if Simply Right files for bankruptcy before making the Initial Payment, this Agreement shall not affect the Current

Plaintiffs' and/or Qualified Plaintiffs' right to seek to enforce this Agreement against Daniel Kilgore and Beatrice Permann.

## V.  **NOTICES**

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class mail to the undersigned persons at their respective addresses as set forth herein:

Counsel for Plaintiffs:    Brandt Milstein, Esq.
                           Milstein Law Office
                           1123 Spruce Street
                           Boulder, CO 80302
                           Tel: 303.440.8780
                           Fax: 303.957.5754


Counsel for Simply Right:  Joshua B. Kirkpatrick, Esq.
                           Littler Mendelson, P.C.
                           1900 16th St., Suite 800
                           Denver, CO 80202
                           Tel:  303.629.6200
                           Fax:  303.629.0200

## VI.    **REPRESENTATION BY COUNSEL**

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## VII.    **NO ADMISSION OF LIABILITY**

Defendants enter into this Agreement to avoid further expense and disruption to Simply Right's business.  The Settling Parties acknowledge and agree that liability for the actions that

are the subject matter of this Agreement are denied and disputed by Defendants. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

## VIII.   MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the affected Settling Parties or the respective counsel of record for the Settling Parties and as approved by the Court.

## IX.   CONSTRUCTION AND INTERPRETATION

A.   Entire Agreement.  This Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter contained herein and shall supersede all prior and contemporaneous negotiations between the parties.

This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. The Current Plaintiffs and Defendants participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the Current

Plaintiffs nor Defendants may claim that any ambiguity in this Agreement should be construed against the other.

      **B.**    <u>No Reliance on Representations or Extrinsic Evidence.</u>  Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms.  In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

      **C.**    <u>Controlling Law.</u>  This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Colorado, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, and shall be subject to the continuing jurisdiction of the United States District Court for the District of Colorado.

      **D.**    <u>Severability.</u>  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, except the Release, the remaining portions of this Agreement will remain in full force and effect to the extent that the effect of the Agreement remains materially the same and the obligations of the Settling Parties remain materially the same.

**X.**       <u>**COUNTERPARTS**</u>

      This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this

Agreement.  All counterparts of any such document together shall constitute one and the same instrument.  A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

## XI.      BINDING EFFECT

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement.  Without limiting the foregoing, this Agreement specifically shall inure to the benefit of Simply Right as well as its present and former owners, stockholders, predecessors, successors, joint ventures, assigns, agents, directors, officers, board members, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliated divisions and companies, and all persons acting by, through, under or in concert with any of them.  Also without limiting the foregoing, this Agreement shall be binding upon and inure to the benefit of the heirs, assigns, administrators, executors, beneficiaries, conservators, and successors of all Current Plaintiffs and Qualified Claimants.

## XII.      ATTORNEY FEES, COSTS AND EXPENSES

Except as otherwise specifically provided herein, the Settling Parties and all Qualified Claimants shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.  However, in the event of any dispute to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of their reasonable attorneys' fees and costs from the non-prevailing party.

**XIII.**      **AUTHORITY OF COUNSEL**

      **A.**      <u>Facsimile, Electronic, and Email Signatures</u>.  Any Settling Party may execute this Agreement by signing or by causing its counsel to sign on the designated signature block below and transmitting that signature page *via* facsimile, email, or other electronic means to counsel for the other Settling Party.   Any signature made and transmitted by facsimile, email, or other electronic means for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

      **B.**      <u>Voluntary Signature</u>.   All Settling Parties agree that they have signed this Agreement, or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion.

      **C.**      <u>Warranty of Counsel</u>.   Plaintiffs' Counsel warrants and represents that he is expressly authorized by the Current Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.   Defendants' Counsel warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by Simply Right pursuant to this Agreement in order to effectuate its terms.

**XIV.**      **CONTINUING JURISDICTION**

      The Parties hereto agree to move for the United States District Court for the District of Colorado to retain continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement; to supervise the administration and distribution of the resulting settlement funds; and to hear and adjudicate any dispute or litigation arising from or related to this Agreement or the issues of law and facts asserted in the collective action litigation.

**XV.**      **EFFECT OF NON-APPROVAL**

In the event that the Agreement is not approved by the Court for any reason in the form submitted by the Settling Parties, the Settling Parties will attempt to address any concerns raised by the Court and resubmit a revised settlement agreement if possible.  If the Settling Parties cannot agree on a revised settlement agreement or if the Court denies the approval of a renegotiated settlement agreement, this Agreement or the re-negotiated agreement shall be terminated as of the date the Court's order denying approval of the Agreement or renegotiated agreement was entered.  Upon termination of this Agreement or any renegotiated agreement: (A) This Agreement and, if applicable, the renegotiated agreement shall have no force or effect and no Settling Party shall be bound by any of its terms; and (B) nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

| DATED: _____ | SIMPLY RIGHT, INC.<br><br>By: _____<br><br>Its: _____ |
| --- | --- |
| DATED: _____ | DANIEL KILGORE<br><br>_____ |

| | |
|---|---|
| DATED: _____ | BEATRICE PERMANN<br><br>_____ |

| | |
|---|---|
| DATED: _____ | CLARA ARREOLA:<br><br>_____ |
| DATED: _____ | JOSE LUIS ARREOLA:<br><br>_____ |
| DATED: _____ | MARIBEL ARREOLA:<br><br>_____ |
| DATED: _____ | NAZARIO ARREOLA:<br><br>_____ |
| DATED: _____ | ARMIDA RAYA:<br><br>_____ |
| DATED: _____ | DOMINGO SANCHEZ:<br><br>_____ |
| DATED: _____ | MIGUEL ANGEL GODOY:<br><br>_____ |

| DATED: _____ | AURELIO SANCHEZ: <br><br> _____ |
|---|---|

Firmwide:149999132.6 084744.1001