# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 15-cv-00974-RM-MEH

AURELIO SANCHEZ, *et al.*,

    Plaintiffs,

v.

SIMPLY RIGHT, INC., *et al.*,

    Defendants.

___

## ORDER
___

Pending before the Court is the parties', named plaintiffs Aurelio Sanchez ("Aurelio"); Domingo Sanchez ("Domingo"); Miguel Angel Godoy ("Godoy"); Jose Luis Arreola ("Jose Luis")' and Clara Arreola ("Clara") (collectively, "the named plaintiffs"), opt-in plaintiffs Maribel Arreola ("Maribel"); Nazario Arreola ("Nazario"); and Armida Raya ("Raya") (collectively, "the opt-in plaintiffs," and, together with the named plaintiffs, "plaintiffs") and defendants' Simply Right, Inc. ("Simply Right"), Beatrice Permann, and Daniel Kilgore (collectively, "defendants"), Renewed Joint Motion for Approval of Settlement Agreement ("the renewed motion") (ECF No. 218). Also pending is plaintiffs' Renewed Unopposed Motion for Attorney Fee Award ("the attorney fee motion") (ECF No. 219).

For the reasons discussed below, the Court finds that "helpers" may be included as employees of Simply Right for purposes of preliminary class certification. The Court further finds that, except

for two matters, the proposed Joint Stipulation of Settlement and Release ("the joint stipulation) (ECF No. 218-1) may be preliminarily approved as fair and equitable. The Court also finds that the Notice of Settlement of Unpaid Wages Lawsuit (ECF No. 218-2) must be changed. As a result, the Court withholds ruling on the renewed motion pending the parties' consideration of this Order.

**First**,[1] preliminary class certification. As the Court stated in a previous Opinion, at the initial "notice" stage, this Court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quotations and alteration omitted). (ECF No. 186 at 3.) Fortunately for the parties, matters are still at the initial notice stage, given that notice has not yet been sent to any putative class members. With that more limited standard of review in place, and with the factual record currently before the Court, in particular Simply Right's stipulation (for purposes of settlement) that they employed "helpers" (ECF No. 218 at 10), the Court finds that those individuals who were brought to Cinemark theaters (other than in California) to help with the cleaning of said theaters were employees of Simply Right. With that in mind, the Court preliminarily certifies the following class for purposes of distributing notice of the parties' settlement:

> **(1) All Simply Right employees (except for those who worked in California) who cleaned Cinemark movie theaters on or after September 7, 2014, and (2) All individuals who helped a Simply Right employee clean Cinemark movie theaters (except for those in California) on or after September 7, 2014.**

---

[1] For a recitation of the procedural and factual background of this case, see the Court's Opinions dated May 22, 2017 (ECF Nos. 185, 186), and the Report and Recommendations pertaining to those Opinions (ECF Nos.168, 174).

**Second**, in determining whether to approve a settlement under the Fair Labor Standards Act ("the FLSA"), this Court considers whether (1) the FLSA settlement is reached as a result of a bona fide dispute, (2) the settlement is fair and equitable to all parties, and (3) the settlement contains a reasonable award of attorney's fees. *Cooper v. OFS 2 Deal 2, LLC*, 2016 WL 1071002, at *2 (D. Colo. Mar. 17, 2016) (RM); *Anderson v. Walgreen Co.*, 2016 WL 74934, at *2 (D. Colo. Jan. 7, 2016) (RM).

As the Court found in its prior Order, the factual record before the Court reflects that the parties' settlement has been reached as a result of a bone fide dispute. (*See* ECF No. 214 at 2.) With respect to the second factor, this Court evaluates, first, whether the settlement is fair and reasonable, and, second, whether the settlement undermines the purposes of the FLSA. *Cooper*, 2016 WL 1071002, at *2-3; *Anderson*, 2016 WL 74934, at *3-4. In considering whether the FLSA has been undermined, this Court looks at (1) the presence of other similarly situated employees, (2) the likelihood that the plaintiff's circumstances will recur, and (3) whether the defendant has a history of non-compliance with the FLSA. *Cooper*, 2016 WL 1071002, at *3; *Anderson*, 2016 WL 74934, at *4.

Turning first to whether the FLSA would be undermined by the parties' settlement, there are certainly other similarly situated individuals in this case. The parties project that the number of individuals employed by Simply Right (in other words, the number of individuals before taking into account "helpers") may total 600. (*See* ECF No. 218 at 2.) That is a not insignificant number. Nonetheless, those potentially 600 individuals will receive notice of this action and the settlement.

The presence of "helpers," though, does cause the Court to pause in considering the parties' settlement. As far as the Court can tell from the manner notice is to be sent, the likelihood of

3

"helpers" receiving notice of the settlement is considerably less than individuals who were formally employed by Simply Right. As presently constructed, the only way that "helpers" may receive notice is if an employee of Simply Right provides a copy of the notice to them. (*See* ECF No. 218-2 at 1-2.) That is simply insufficient, especially in light of the less than mandatory language used to explain to employees whether they need to provide the notice to an individual who helped them clean. (*See id*. (explaining to employees that they "may" provide the notice to helpers)). As a result, the notice must be changed in order for the purposes of the FLSA not to be undermined.

Principally, the Court will require the parties to engage in a two-stage notice procedure. The first stage will involve providing notice to those individuals who were employed by Simply Right to clean Cinemark movie theaters (other than in California). In other words the category of individuals encompassed in the first clause of the preliminary class certification: "**(1) All Simply Right employees (except for those who worked in California) who cleaned Cinemark movie theaters on or after September 7, 2014**."

As such, the notice will need to be changed to include a new section headed: "Persons who Helped Clean Cinemark Theaters." In that section, employees of Simply Right must be informed that the parties' settlement also settles overtime and minimum wage claims of individuals who were brought to Cinemark movie theaters to help employees clean. The notice must further inform employees of Simply Right that, in the Consent to Join Claim Form, they will be required to (A) check a box for whether they brought or did not bring any individual(s) to help them clean Cinemark movie theaters, and (B) if they did bring any such individual(s), list the individual(s) that they brought, along with the last known telephone number, mailing address, and/or email address for said individual(s). The notice must specifically state that, should an employee of Simply Right

4

check the box stating that they brought any individual(s) with them to help clean, they will NOT lose any right to receive their pro rata share of the settlement proceeds. The notice must further instruct employees of Simply Right that, even if the employee elects not to opt-into the parties' settlement, they MUST either fill out the Consent to Join Claim Form, checking the applicable box for whether they brought any individual(s) to help them clean Cinemark movie theaters, or provide a copy of the notice and Consent to Join Claim Form to any individual(s) that helped them clean a Cinemark movie theater (other than in California). The parties may set a reasonable deadline for Consent to Join Claim Forms to be submitted by employees of Simply Right.[2]

Once Consent to Join Claim Forms have been returned to and processed by the claims administrator, the parties must then engage in the second notice stage, this time for "helpers." In other words, with the information gleaned from the Consent to Join Claim Forms returned by employees of Simply Right, the parties will be required to send notice to all individuals identified as helpers in the Consent to Join Claim Forms. Hopefully, it will be possible to obtain mailing addresses for all individuals so identified. If that is not the case, the Court authorizes the parties to send notice in any manner (be it text message or email) for which the parties have contact information related to the relevant individual.

As the notice currently does, the notice to helpers should apprise them of, *inter alia*, this lawsuit, the terms of the parties' settlement, how to file a Consent to Join Claim Form, and the binding effect and release of claims should they opt-into the settlement. The current part of the Consent to Join Claim Form, asking helpers for the name of the Simply Right employee who they

---

[2] The parties currently envision Consent to Join Claim Forms being postmarked within 60 days of mailing. (ECF No. 218-2 at 2.) The Court finds such a period to be reasonable.

helped clean Cinemark movie theaters, may remain. The parties may set a reasonable deadline for Consent to Join Claim Forms (whether they be ones mailed by the claims administrator or provided to a helper by an employee) to be submitted by individuals who helped clean Cinemark movie theaters (other than in California). This deadline should be after the deadline for employees of Simply Right to submit Consent to Join Claim Forms. Only after this latter deadline has passed, may the claims administrator calculate payments to be made to Qualified Claimants (as that term is defined in the joint stipulation). (*See* ECF No. 218-1 at 14.)

The Court finds this two-stage notice procedure to be necessary in light of the unique circumstances of this case, not least the limited (if not non-existent) record-keeping related to individuals who helped clean Cinemark movie theaters. As far as the Court is concerned, simply telling an employee that they "may" provide a copy of the notice to a helper is woefully short of the notice required to make the parties' settlement fair and reasonable under the FLSA. Based on the current factual record, the Court finds that the two-stage notice procedure set forth herein is the best possible way to achieve notice of the settlement that at least in some fashion provides notice similar to that which employees of Simply Right will receive.

As for the remaining factors in determining whether the FLSA may be undermined, the Court finds it will not be undermined. Notably, in light of the factual record stated in the renewed motion, the Court does not find that plaintiffs' circumstances are likely to recur because Simply Right has changed its classification of employees, and Simply Right does not have a history of non-compliance with the FLSA because the only transgression it received in that regard occurred in 2013 and was resolved. (*See* ECF No. 218 at 3.)

**Third**, the Court finds that the proposed settlement payments and the timing of the same are fair and reasonable. In the renewed motion, the parties explain that plaintiffs' damages were calculated based upon two competing methods for determining the hours they worked. (ECF No. 218 at 4-6.) The Court finds that the manner of calculating payments set forth in the renewed motion is fair and reasonable. The parties further explain that the fact that plaintiffs receive an initial payment before potential opt-in plaintiffs is justified by plaintiffs having invested time in pursuing this case. (*Id*. at 7.) The Court agrees.

**Fourth**, the releases. In its prior Order, the Court clearly stated that it would not allow a general release in this case (in other words a release that requires plaintiffs to release a laundry list of potential employment related causes of action). (ECF No. 214 at 5-6.) In the renewed motion, the parties attempt to justify this broad release. They do not do enough. Notably, the parties assert that the settlement provides plaintiffs with sufficient consideration for the general release in the form of plaintiffs receiving an initial payment. (ECF No. 218 at 9.) The problem with this argument is two-fold. First, the Court does not consider receiving a payment on an accelerated basis to be "consideration" for plaintiffs' release of every employment-related cause of action under the sun. Apart from failing to explain how much these causes of action may be worth, plaintiffs are not receiving anything for releasing them that they would not otherwise be entitled to receive.

Second, even if the Court were willing to accept that an accelerated payment could be deemed "consideration," it is not consideration for the released claims. As just explained, the parties state elsewhere in the renewed motion that the initial payment is due to plaintiffs' participation in this case (ECF No. 218 at 7); not due to plaintiffs releasing all of their employment related causes of action. The parties cannot have it both ways. In any event, although the Court finds, under the

7

circumstances of this case, that an accelerated payment is an acceptable way of rewarding plaintiffs for participating in this case, the Court does not find it to be an appropriate way of remunerating plaintiffs for releasing all of their employment related causes of action. As a result, the Court's prior finding remains, the Court will not endorse any settlement that provides for a general release.

As for the other release-based issues the Court raised in its prior Order (*see* ECF No. 214 at 6-7), the Court finds that its concerns have been ameliorated by the additional factual record provided by the parties and the changes made to the language of the joint stipulation. (*See* ECF No. 218 at 8-9.)

**Conclusion**[3]

In light of the changes made to the notice and Consent to Join Claim Form set forth herein, as well as the rejection of plaintiffs' general release, the Court WITHHOLDS RULING on the Renewed Joint Motion for Approval of Settlement (ECF No. 218) and the Renewed Unopposed Motion for Attorney Fee Award (ECF No. 219). **The parties shall have until on or before November 30, 2017 to: (1) notify the Court as to whether they can move forward with their proposed settlement without the "General Release by Current Plaintiffs"; and (2) if so, submit (A) a revised notice and Consent to Join Claim Form, incorporating the changes set forth herein, to employees of Simply Right, and (B) a revised notice and Consent to Join Claim Form, incorporating the changes set forth herein, to individuals who helped clean Cinemark movie theaters (other than in California). Should the parties submit revised notices and**

---

[3] To the extent any issues raised in the Court's prior Order are not specifically addressed herein, that is because the parties have addressed those issues to the satisfaction of the Court and the Court has nothing further to add.

**Consent to Join Claim Forms, the parties shall also email a Word version of both to the Court's chambers email address, which can be found in the Court's Civil Practice Standards.**

**SO ORDERED.**

DATED this 14th day of November, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge